File 29-14431

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LEE P. BURKET,

                       Plaintiff,                         ANSWER

      -against-

ERIC WILMOT, ENTERPRISE RENT-A-CAR,
ENTERPRISE HOLDINGS, INC. and                  Civil Action No. 20-cv-3098
ELRAC, LLC,

                       Defendants.

------------------------------------------------------------X

       Defendants, Enterprise Rent-A-Car, Enterprise Holdings, Inc. and ELRAC, LLC, by their attorneys, Brand Glick & Brand, answering the complaint of the plaintiff, allege as follows:

       1.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "1", "2", "6", "12" [incorrectly numbered as "6" of the complaint] of the complaint and "17" [incorrectly numbered as "8" in the complaint],

       2.     Deny each and every allegation contained in the paragraphs "3", "4", "9", "10" [incorrectly numbered as "4" in the complaint], "13" [incorrectly numbered as "5" in the complaint], "14" [incorrectly numbered as "6" in the complaint], "15" [incorrectly numbered as "6" in the complaint], "19" [incorrectly numbered as "10" in the complaint], "20" [incorrectly numbered as "11" in the complaint], "21" [incorrectly numbered as "12" in the complaint], "22" [incorrectly numbered as "13" in the complaint], "23" [incorrectly numbered as "14" in the complaint], "24" [incorrectly numbered as "15" in the complaint], and 25 [incorrectly numbered as "16" in the complaint] of the complaint.

3. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "5", "8", "11" [incorrectly numbered as "5" in the complaint], and "18" [incorrectly numbered as "9" in the complaint], of the complaint and respectfully refer all questions of law to this Honorable Court.

4. Admit the allegations contained in paragraph "6", and "7" of the complaint.

5. Deny in the form alleged the allegations contained in paragraph "16" [incorrectly numbered as "6" in the complaint] of the complaint, but admits that defendant Wilmont had the knowledge, permission and consent of the owner to drive the subject vehicle.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

6. The plaintiff failed and neglected to properly utilize, adjust and/or fasten automobile safety and/or seatbelts which were available to plaintiff, or should have been available, thereby increasing plaintiff's injuries and/or damages.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

7. That plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

8. That plaintiff did not sustain a serious injury as defined by § 5102(d) of the Insurance Law of the State of New York and plaintiff's exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

9. The plaintiff's causes of action are barred by Article 51,§ 5104 of the Insurance Law of the State of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

10. In the event that plaintiff recovers a verdict or judgment for damages herein, the amount of said verdict or judgment must be reduced by the proportion which the culpable conduct attributable to the plaintiff, including assumption of risk, bears to the culpable conduct which allegedly caused the damages.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

11. That any verdict in the within action for past, present and future medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part from any collateral source, in accordance with the provisions and limitations of § 4545 (c) of the CPLR.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

12. Defendants reserve the right to claim the protections, benefits and limitation on liability set forth under Article 16 of the CPLR.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

13. That the plaintiff has failed to use the available means to mitigate damages.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

14. That the accident was unavoidable to these answering defendants, even with the exercise of reasonable care.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

15. Defendants, Enterprise Rent-A-Car, Enterprise Holdings, Inc. and ELRAC, LLC are not responsible for the acts/omissions of their vehicle operator. Nor are they vicariously responsible

for the acts/omissions of their vehicle operator pursuant to the provisions of the Federal Transportation Equity Act.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

16. Defendants, Enterprise Rent-A-Car, Enterprise Holdings, Inc. and ELRAC, LLC are not properly named defendants in this action.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

17. This case was brought in an improper and/or inconvenient venue for the defendants.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

18. Defendants reserve the right to claim the protections, benefits and limitation on liability set forth under Article 16 of the CPLR.

### AS AND FOR AN FOURTEENTH AFFIRMATIVE DEFENSE

19. That the Court does not have jurisdiction over the person of the defendants herein, in that the summons and complaint was not personally served upon the defendants, nor was service otherwise effected in compliance with the provisions of the Civil Practice Law and Rules and/or the Federal Rules of Civil Procedure.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

20. That if the plaintiff settles with co-defendant, this answering defendants are entitled to offset under NY Gen. Obl. Law, 15-108.

WHEREFORE, answering defendants demand judgment dismissing the complaint herein, together with the costs and disbursements of this action; together with such other and further relief as is proper.

Dated: Garden City, New York
April 28, 2020

                                        Brand Glick & Brand
                                        Attorneys for Defendants
                                        Enterprise Rent-A-Car, Enterprise Holdings, Inc.
                                        and ELRAC, LLC

By: *Heather G Hammerman*
_____
Heather G. Hammerman(HGH-6404)
600 Old Country Road, Suite 440
Garden City, New York  11530
(516) 746-3500
hhammerman@bgbfirm.com

TO:    James Harris, Esq.
        Sobo & Sobo, LLP
        Attorneys for Plaintiff
        One Dolson Avenue
        Middletown, New York 10940
        (845) 343-7626
        jharris@sobolaw.com

        Vincent G. Saccomondo, Esq.
        Barclay Damon, LLP
        Attorneys for Defendant
        Eric Wilmot
        The Avant Building
        200 Delaware Avenue, Suite 1200
        Buffalo, New York 14202
        (716) 858-3787
        vsaccomondo@barclaydamon.com

ATTORNEY VERIFICATION

Heather G. Hammerman, an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms the following to be true under the penalties of perjury:

I am an associate with the law firm of Brand Glick & Brand, the attorneys for defendants, Enterprise Rent-A-Car, Enterprise Holdings, Inc. and ELRAC, LLC, in the within action; I have read the foregoing Answer and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief and, as to those matters, I believe them to be true.

The source of my information and grounds for my belief are statements of the defendants and a review of the materials contained within the file maintained by my office.

The reason this verification is being made by me is that defendants are not in the county in which my office is located.

Dated: Garden City, New York
      April 28, 2020

*Heather G Hammerman*
_____
Heather G. Hammerman (HGH-6404)